VERNON F. BUNCE, petitioner-respondent,

*v.*

BESSIE A. BUNCE, defendant-appellant.

[Submitted February 6th, 1940.   Decided April 25th, 1940.]

*Mr. Irving N. Yankowitz,* for the respondent.

*Mr. Robert S. Hartgrove,* for the appellant.

PER CURIAM.

In 1936 Vernon F. Bunce obtained a decree of divorce from his marriage with Bessie A. Bunce for the cause of desertion. It was there provided that custody of their infant child be awarded to the mother, with prescribed rights of visitation in the father.   The decree provided also for maintenance money for the infant.   On January 24th, 1939, the mother filed a petition in Chancery against the father, alleging that he had not visited the infant in accordance with the terms

of the divorce decree and that he was also greatly in arrears in the payment of maintenance money. The petition prayed that the father be adjudged in contempt therefor and that he be directed to pay a larger sum for the maintenance of the infant than required in the divorce decree. Shortly thereafter the father filed an independent petition, praying that the amount of maintenance ordered in the divorce decree be reduced and also that he be awarded custody of the infant and praying that the proceedings in contempt be stayed until the final disposition of the matter. Thereafter the petition of the father was dismissed because of his failure and refusal to proceed upon the same. Finally the court below entered an order providing that final adjudication as to the custody of the infant be withheld pending an investigation by a probation officer to be selected by the Court of Chancery; determined that the father was not guilty of willful contempt; fixed the amount of maintenance arrearages; awarded counsel fees to solicitor for the mother and disallowed taxed costs to either party.

Appeal is made from this order and it is argued therein that the Chancellor was without jurisdiction to make any order touching the custody of the infant; that the fixing of the amount of maintenance arrearages was erroneous; that the contempt of the father was willful and that the mother should have been allowed taxed costs.

With reservation as to the inquiry ordered respecting the custody of the child, all of the matters complained of are matters resting within the discretion of the Court of Chancery and an inspection of the record in the cause discloses ample proofs to support the order made and with respect thereto there must be affirmance. As to the question of the custody of the infant, we point out that the disposition made is not a final adjudication thereof and in this situation the matter is not appealable.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For modification*—DONGES, J. 1.